### In re John W. BYRD, Jr., Movant.

### No. 01–3927.

United States Court of Appeals, Sixth Circuit.

Jan. 7, 2002.

BEFORE: MARTIN, Chief Circuit Judge; JONES, BOGGS, SUHRHEINRICH, SILER, BATCHELDER, DAUGHTREY, MOORE, COLE, CLAY, and GILMAN, Circuit Judges.

### ORDER

This case was submitted to a panel of this Court on September 7, 2001. The panel issued its decision on September 10, 2001. A stay of further proceedings was approved by a majority of the Judges of this Court on September 11, 2001. A further order referring the issue raised by the petitioner to a Magistrate Judge was entered on October 9, 2001. The report of the Magistrate Judge was filed on November 29, 2001. The petitioner and the respondent have both filed comments, all of which have been considered by the Court.

Considering all of the papers filed in support of the petitioner, a majority of the Judges of this Court have found that the petition is not well taken, and the previously entered stay, which was continued in the Court's order of October 9, 2001, is hereby rescinded. The case is now in a position for the clerk to issue the mandate upon the panel decision, and the mandate shall be issued forthwith.

### Nathaniel R. Jones, Dissenting.

I would deny the motion to lift the stay of execution for one simple reason: the motion is patently premature. My colleagues will recall that on October 9, 2001, a majority of judges in regular active service voted to remand Petitioner Byrd's case to a magistrate "for the development of a factual record sufficient to permit *sua sponte* consideration of [his] request to file a second petition for a writ of habeas corpus." *In re John Byrd, Jr.,* 269 F.3d 585 (6th Cir.2001). The Order of Remand was prompted by a similar consensus among a majority of active judges "that a factual basis [did] not exist sufficient to permit the en banc court to entertain the Petitioner's request for a successive filling." *Id.* at 586. To facilitate the proceedings mandated by the order, the en banc court directed that the stay of execution "remain in place, pending further order of this court." *Id.* As matters now stand, the magistrate has completed the proceedings ordered by the en banc court,[1] and the factual record the court requested has—for better or worse—taken shape.

It cannot be denied that the sole objective of the Order of Remand was to establish the factual predicate necessary for the en banc court to decide Petitioner's request for leave to file a second habeas action. This fact is manifest not only in the language of the order itself, but also in the very decision of the en banc court to

---

1. I submit, however, that the manner in which these proceedings were conducted is open to question.

take up jurisdiction in this matter. How curious it is then that we are presented with a motion that would short-circuit these proceedings before the ultimate question can be put to rest. In his letter of December 3, Judge Boggs expresses the view that it would be fruitless to pursue this matter "to the bitter end." I say to my able colleague that procedure matters. I would remind the court that it was a procedural shortcut that led us onto this path in the first instance: "The state courts of Ohio wasted an opportunity to bring all interested parties to fairness and finality in this matter by refusing out of hand and with no justifiable rationale Byrd's request for discovery and a hearing...." [2] *Id.* at 591 (Jones, J., concurring).

The only justifiable reason to vacate the stay would be the court is now persuaded that Petitioner's request should not be granted in light of the evidence presented. If that is the case, then the just and lawful course of action would be to simply say so. Seeing as both parties have had an opportunity to respond to the magistrate's proposed findings of fact and recommendation, it is incumbent upon this court—having set this process in motion—to decide for itself whether those findings are acceptable and whether a second habeas petition is warranted. The Order of Remand was not a final delegation of authority to the magistrate to decide the question at issue. Thus, the effort to vacate the stay is not only incongruent with the court's original objective, it is also an unwise and unwarranted procedural shortcut at this juncture, amounting to a usurpation of the en banc court's powers.

I presume that some of my colleagues are of the opinion that further proceedings of the kind I have just described would only be a formality. I am not prepared to concede that point. I believe that there are important questions the court should address with regard to whether Petitioner's claim was prejudiced by (i) unduly restrictive limits the magistrate placed on subpoenas duces tecum, and (ii) the fact that the magistrate simply ignored certain evidence in preparing his recommendation to this court. Most important, however, I would observe that in light of the finality of the penalty at stake, due process is hardly trivial. It is a value in its own right. I also presume that some are of the opinion that the en banc court never lawfully assumed jurisdiction in this matter, and therefore that the Order of Remand is not to be respected. That contest, however, has been settled as far as this court is concerned. It is not, I submit, a valid basis on which to vacate the current stay of execution.[3]

In sum, simple integrity to the process the full court set in motion demands that the motion to vacate the stay be denied.

I conclude with one final observation with regard to the proceedings that have taken place in this court. I do not doubt, particularly in light of the cumbersome procedure Congress has created for the

---

**2.** Others agree. The Magistrate Judge observed what the original panel of this court was unable to see. The state court findings that John Brewer's affidavits lacked "any credibility whatsoever" were not entitled to a presumption of correctness. His observation was based upon the state trial court's own conclusion that it lacked jurisdiction over Petitioner's successive post-conviction action. "The state trial court's findings concerning [the] Brewer affidavits ... are entitled to no deference in this Court because a court is powerless to make credibility determinations in a matter over which it has no jurisdiction." Report and Recommendations at page 47 (citations omitted).

**3.** The Magistrate Judge included among his observations that "the jurisdictional question is a question of first impression and arguable among reasonable jurists." Report and Recommendations at page 14, n. 3.

review of successive habeas actions, that some have simply tired of this matter and are happy to see it go away. The confusion and acrimony which surfaced in this court concerning Petitioner Byrd is a plain manifestation of the folly inherent in Congress' attempt to dilute habeas corpus review with the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996). We have witnessed in these very proceedings how the AEDPA insulates state court judgments from meaningful habeas review and encroaches on the power of the writ. Meaningful federal review is critical "to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action." *Reed v. Ross*, 468 U.S. 1, 10, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). The statute, however, works to frustrate rather than facilitate the pursuit of that basic right. For these reasons, I cannot help but conclude that the statute is an affront to the duty of federal courts to make certain that the rights of citizens under the Constitution are not disparaged in state criminal proceedings.